STEFAN R. HANSON (California State Bar No. 228396)
Stefan.Hanson@verizon.net
419 Main Street, #265
Huntington Beach, California 92648
Telephone: (714) 374-8140
Facsimile: (714) 969-9983

Attorney for Plaintiffs, B.P. et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.P., et al., | ) CASE NO. SACV 07-01045-JVS(MLGx) |
| Plaintiffs | ) |
| v. | ) JOINT REQUEST FOR A |
| | ) CONTINUANCE OF RULE 26(F) |
| NEWPORT-MESA UNIFIED SCHOOL DISTRICT, | ) SCHEDULING CONFERENCE |
| Defendant | ) Date: February 25, 2008 |
| | ) Time: 11:30 A.M. |
| | ) Ctrm: 10C |

PLAINTIFFS B.P., by and through his Guardian Ad Litem, Anthony P., ANTHONY P. AND SUSAN P. and DEFENDANT NEWPORT-MESA UNIFIED SCHOOL DISTRICT hereby jointly request that the Court continue the Rule 26 (f) Scheduling Conference in the above-entitled action, currently scheduled for February 25, 2008. This joint request is based on the Parties having entered into a settlement agreement that is contingent upon approval of the Newport Mesa Unified School District

1

JOINT REQUEST FOR A CONTINUANCE OF THE RULE 26(f) SCHEDULING CONFERENCE

governing Board ("Board"). The Board will approve (or reject) the Agreement at its February 26, 2008 meeting.

## BACKGROUND

On or about January 7, 2008, the Parties entered into a Compromise and Release Agreement ("Agreement"). Said Agreement provides in relevant part that "This Agreement shall be subject to approval by the District's Board of Education… If the District's Board of Education does not approve or ratify each and every term of this Agreement, then the entire Agreement shall become null and void." (Agreement, paragraph 19) [and] "Upon approval of this Agreement by the governing board of the District, the Parents shall immediately notify OAH that they are withdrawing Case No. N2007100206, shall immediately withdraw any and all pending CDE Complaint #'s S-0384-07/08, S-0436-07/08 and Title V Complaint, and shall immediately seek dismissal with prejudice of United States District Court Cases No. SACV 07-01045-JVS (MLGx) and No. SACV 07-1072 CJC (AJWx). (Agreement, paragraph 7).

As per information provided by Defendant's counsel, Jonathan J. Mott, Esq., Parker & Covert, LLP, to Plaintiffs' counsel, Stefan R. Hanson, Esq., the Newport-Mesa Unified School District's governing Board is scheduled to review the Agreement for approval at the school board's February 26, 2008 meeting.

The Rule 26(f) Scheduling Conference in the above-entitled action United States District Court Case No. SACV 07-01045-JVS (MLGx) is currently scheduled for February 25, 2008.

The Newport-Mesa Unified School District's governing Board will not have an opportunity to approve (or reject) the Agreement prior to the currently scheduled Scheduling Conference.

## APPLICABLE LAW

In California special education law, a continuance of a special education due process hearing may be granted only upon a showing of good cause (California Education Code § 56505 (f)). As per federal law, good cause must be construed narrowly to ensure that there is a speedy resolution of special education disputes 20 U.S.C. § 1400, *et Seq.*

## ARGUMENT

Plantiffs and Defendants jointly submit that continuing the Rule 26 (f) scheduling conference in the above-entitled action so that the school district's governing Board may have an opportunity, at their February 26, 2008 Board Meeting, to review and approve of the Agreement which the parties entered into on or about January 7, 2008 constitutes good cause for a continuance. Such continuance will minimize costs incurred by the Parties and the Court, result in judicial economy, and prejudice neither party.

## CONCLUSION

For the foregoing reasons, Plaintiffs B.P., et al. and Defendant Newport-Mesa Unified School District respectfully request that the Court grant their Joint Request for a Continuance of the Rule 26 (f) Scheduling Conference until such time as the school district's Board has an opportunity to approve the Agreement, at which time a Stipulation of Dismissal shall be submitted to the Court. In the unlikely event that the Board does not

//
//
//
//

3

JOINT REQUEST FOR A CONTINUANCE OF THE RULE 26(f) SCHEDULING CONFERENCE

approve the Agreement, the Parties shall proceed with the rescheduled Rule 26 (f) Scheduling Conference.

Dated: February 14, 2008    By: _____
Stefan R. Hanson, Esq.
Attorney for Plaintiff, B.P. et al.

PARKER & COVERT, LLP

By: _____
Jonathan J. Mott. Esq.
Attorneys for Defendant,
Newport-Mesa Unified School District

approve the Agreement, the Parties shall proceed with the rescheduled Rule 26 (f) Scheduling Conference.

Dated: February 14, 2008       By: _____
                                   Stefan R. Hanson, Esq.
                                   Attorney for Plaintiff, B.P. et al.


PARKER & COVERT, LLP


By: _____
    Jonathan J. Mott, Esq.
    Attorneys for Defendant,
    Newport-Mesa Unified School District

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to this action. My business address is PARKER & COVERT LLP, 17862 East Seventeenth Street, Suite 204, East Building, Tustin, California 92780-2164. On Feb 15, 2008, I served the following document(s) described as **Joint Request for a Continuance of Rule 26(F) Scheduling Conference** on the parties in this action as follows:

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Stefan R. Hanson, Esq.  
419 Main Street, #265  
Huntington Beach, CA 92648  

Tel (714) 374-8140  
Fax (714) 969-9983

☒ **BY U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Tustin, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION:** The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine. Pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

☐ **BY FEDERAL EXPRESS:** I am familiar with the collection and processing practices of said business, and in the ordinary course of business, Federal Express packages are enclosed in a sealed envelope with an airbill attached thereto, prepaid by our office, and deposited with Federal Express, on the same day in our ordinary course of business.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

☐ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Feb 15, 2008, at Tustin, California.

Lisa C. Glatter

5

I:\WP\NM\188-BP v. NM\ANSWER jjm 120607.wpd